By the Court.
Defendant in error, on the 25th day of January, 1908, filed a motion in the common pleas court of Wayne county against plaintiff in error for the allowance of a conditional order of revivor of a judgment rendered in his favor against plaintiff in error on the 28th day of October, 1891, and upon which no execution had been sued out since the 2d day of September, 1896. On the same day the motion was filed, the court granted a conditional order of revivor, finding that the judgment had become dormant and that there was due thereon the amount claimed in the motion, and plaintiff in error was ordered to show cause, on or before the 29th day of February, 1908, why the judgment should not be revived, and in default of such showing, said judgment was to stand revived. Summons was issued on this conditional order and was served on plaintiff in error on the 5th day of February, 1908. . .
On the 27th day of January, 1908, defendant in error caused an execution to issue to the sheriff of , Cuyahoga county, and on January 30, 1908, a levy was made upon the real estate of plaintiff in error located in Cleveland. On March 11, 1908, the cause was heard on the motion for a conditional revivor, the answer thereto and the evidence, and there was a finding by the court that plaintiff in error had failed to show cause why the judgment should not stand revived and that the judgment *50 was wholly unsatisfied and had become dormant. It was ordered that the motion of defendant in error be granted and that the judgment stand revived in the amount claimed, and the cause was continued as to and for a hearing on the fourth defense in the answer, in this defense it being alleged that the levy on the real estate of plaintiff in error, made on January 30, 1908, was illegal, void and of no effect and was issued on a dormant judgment, for which reason the court was asked to set aside the levy.
A petition was then filed by defendant in error in the common pleas court of Cuyahoga county against plaintiff in error and others to marshal liens and sell the lands upon which execution had been levied on January 30, 1908. Plaintiff in error filed an answer in that case, in which he claimed that the execution of January 27, 1908, was void for the reason that the same was issued upon a then dormant judgment and that the levy thereof did not create a lien in favor of defendant in error. . The court found in favor of plaintiff in error, and defendant in error herein prosecuted error to the circuit court and that court reversed the judgment of the common pleas court, holding that the execution of January 27, 1908, was merely invalid and could be set aside only by motion in the court from which it issued.
Thereupon, upon application of plaintiff in error, the cause in the common pleas court of Wayne county was reinstated and redocketed. Upon motion of defendant in error, the fourth defense, to which reference has been made, was dismissed. Plaintiff in error, by leave of the court, then filed *51 a motion to set aside the execution dated January-27, 1908, and to vacate the levy thereof. Upon the hearing of this motion, evidence was submitted and the court made a finding, reciting the different steps theretofore taken in the case and in- the proceeding to marshal liens in Cuyahoga county. The court found, as its conclusion of law, that the judgment was dormant at the time the execution was issued thereon and that the execution was void and of no force and that the levy thereof was illegal. The motion was sustained, the execution set aside and the levy vacated.
The circuit court reversed the judgment of the common pleas court in sustaining the motion and held that the execution on the judgment, after the conditional order of revivor had been allowed and entered, was a valid execution and was supported by a living judgment. Plaintiff in error is here asking for a reversal of the judgment of the circuit court and an affirmance of that of the court of common pleas.
Defendant in error brought his proceeding to revive his judgment under favor of Section 5367, Revised Statutes, now Sections 11645, 11646 and 11647, General Code. The conditional order of revivor was made on motion, and after the granting and entry of this order, but before notice was served upon the defendant, an execution was issued and a levy made. The statute under which defendant in error proceeded provides that after the conditional order is made, “if sufficient cause be not shown to the contrary, the judgment shall stand revived, and the finding be subject to execution for the amount which the court finds to be due *52 añd unsatisfied thereon. The lien of the judgment fpr the amount due shall be revived and shall operate from the time of the entry of the conditional Order or the filing of the petition.”
The case of Smith v. Hogg et al., 52 Ohio St., 527, is relied upon by counsel for plaintiff in error in support of his contention, but it is not decisive of the question presented here. The court held that a levy was necessary before the revived judgment could operate as a lien upon land acquired after the dormancy of the judgment and that the lien dated vfrom the levy and not from the revivor of the judgment, but there is no holding that the judgment creditor was required to wait until there was an absolute revivor before he could cause an execution to issue.
As we view the statute under consideration, the conditional order of revivor relieves the judgment of its dormancy, subject to the right of the judgment debtor to show cause why it should not stand revived. The language used — “stand revived”— is, we think, significant and refers to a judgment which has already been revived. Nothing further remains to be done on the part of the judgment creditor after the conditional order is made — the burden of setting aside the order being placed, by the provisions of the statute, upon the debtor. When the conditional order is granted, the judgment is then, upon a condition subsequent however, restored to all its former force and efifect and is available to its owner as an original judgment. If the right of the judgment creditor to cause execution to issue be postponed until the revivor becomes *53 absolute and final, it would tend to defeat the purposes the statute was intended to accomplish.
For the reasons we have given, the common pleas court erred in sustaining the motion to set aside the execution and to vacate the levy, and the judgment of the circuit court in reversing that judgment is affirmed.

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Donai-iue, Wanamaicer, Newman and Wilkin, JJ., concur.